## WHITE v. BOSTON & M. R. R.
### Civ. A. No. 7284.

District Court, D. Massachusetts.
July 14, 1948.

86

William T. McCarthy, U. S. Atty., and William J. Koen, Asst. U. S. Atty., both of Boston, Mass., for plaintiff.

Parker Brownell, of Boston, Mass., for defendant.

HEALEY, District Judge.

This action arises under Section 8(e) of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 308(e), and Section 7 of the Service Extension Act of 1941, as amended, 50 U.S.C. A.Appendix, § 357.

The petitioner seeks reinstatement in and restoration to his former position in respondent's employ without loss of seniority rights, status or pay, and also compensation for loss of pay suffered by him as a result of the respondent's failure and refusal to reemploy him in his former position without loss of said seniority rights, status and pay.

### Findings of Fact

1. The petitioner was employed by the respondent from January 30, 1940 to May 23, 1944, at which latter date he was classified as a boilermaker's helper.

2. On May 23, 1944, the petitioner left the employ of respondent to enter the armed service of the United States. He was honorably discharged from the army on December 8, 1945, and was reemployed by the respondent in his former position, as required by the Act, until June 17, 1946.

3. On June 17, 1946, the petitioner, who had a wife and 5 children as dependents, left the employ of the respondent for the purpose of entering the armed forces, having enlisted for a three year period.

4. On March 27, 1947, at the instance of and for the convenience of the Government, the petitioner was honorably discharged from the army.

5. On April 13, 1947, the petitioner, within the statutory period, applied to the respondent's agent for reemployment in his former position. He was denied reemployment in his former position with the same seniority rights, status and pay he enjoyed previous to his enlistment.

6. On May 16, 1947, the petitioner was employed by the respondent as a new employee without any seniority, in which position he remained until September 20, 1947 when he was laid off because of a reduction in force and lack of seniority. He returned to the respondent's employ on the basis without seniority in December, 1947, and worked about 60 or 90 days, when he was again laid off because of lack of seniority. He has not worked for respondent since that time.

7. Under date of September 14, 1942, the Union of which the petitioner was a member, entered into an agreement with respondent regarding seniority rights of respondent's employees upon completion of military service.

8. After provision for restoration of a former employee who had accumulated seniority entitled him, upon the statutory conditions, the agreement stated, " * * * provided, that in connection with voluntary enlistments in the regular land or naval forces, the above will apply only to the first period of such enlistments."

9. In June, 1946, no men in the position of the petitioner were being inducted in the armed forces of the United States.

### Discussion

The respondent contends First, that the provisions of Section 7 of the Service Extension Act of 1941 are inapplicable to the petitioner, since they do not apply to reenlistments; and Second, that the provision in the Union contract that the granting of full seniority rights did not apply to second enlistments forecloses his right to prevail here.

The pertinent portion of Section 7 of the Service Extension Act of 1941, is as follows:

"Any person who, subsequent to May 1, 1940, and prior to the termination of the authority conferred by Section 2 of this joint resolution, shall have entered upon active military or naval service in the land or naval forces of the United States shall be entitled to all the reemployment benefits of Section 8 of the Selective Training and

Service Act of 1940, [as amended], to the same extent as in the case of persons inducted under said Act * * *."

The respondent argues in support of its first contention, that the phrase "to the same extent as in the case of persons inducted under said Act" renders this section inapplicable to the employee who seeks reinstatement after his second enlistment because it shows the intent of Congress was to give enlisted men only the same rights as an inductee who could be inducted only once and, therefore, was entitled to reemployment but once.

In the first place, it is immaterial whether or not persons in the same position as the petitioner were liable to induction in June, 1946. In my opinion the phrase of section 7 upon which respondent relies, must be considered in relation to the remaining parts of that section of the Act. When so considered, it merely identifies the subject-matter of section 8 of the Selective Training and Service Act of 1940 which referred only to inductees.

■ Section 7 of the Service Extension Act of 1941, confers on "Any person who * * * shall have entered upon active military or naval service * * *." the same reemployment benefits that section 8 of the Selective Training and Service Act had previously conferred upon inductees. There is nothing in its language to show that Congress meant to discriminate in any manner between persons enlisting for the first or second time; neither does it refer to the rights of inductees as of any particular time.

As the respondent contends, the status of a man who has seen service in the armed forces and after subsequently reenlisting is restored to his former position without loss of seniority, would act adversely to faithful workers who during the meantime had acquired seniority rights. Nevertheless, Congress took no action to amend the act so as to deny the benefits of section 8 (b) (B) of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix § 308(b) (B), to such persons. I am, therefore, of the opinion that the court should not usurp the legislative function to correct any possible inequity that may exist by a strained interpretation of the clear language of Section 7 of the Service Extension Act of 1941, as amended.

■ Respondent's second contention that because of the terms of the agreement made between the respondent and the Union the petitioner has no reemployment rights under the Act because he enlisted in the army after having once been discharged, is refuted by the Supreme Court of the United States in Fishgold v. Sullivan Drydock & Repair Corporation, 328 U.S. 275, 285, 66 S.Ct. 1105, 167 A.L.R. 110, 90 L.Ed. 1230. Speaking for the Court, Mr. Justice Douglas writes that " * * * no practice of employers or agreements between employers and unions can cut down the service adjustment benefits which Congress has secured the veteran under the Act." Cf. also David v. Boston & M. R. R., D.C., 71 F.Supp. 342.

### Conclusions of Law

1. The petitioner is entitled to the reemployment benefits of Section 8(b) (B) of the Selective Training and Service Act of 1940, as amended.

■ 2. The petitioner's right to the reemployment benefits of the Selective Training and Service Act of 1940, as amended, was not subject to foreclosure by any provisions of the agreement between the Union and the respondent.

3. The petitioner is entitled to reinstatement to the position of boilermaker's helper in respondent's employ which he left on June 17, 1946 to enter the armed services, or to a position of like seniority, status and pay.

■ 4. The petitioner is entitled to be paid as damages the wages he would have earned in his former position had he been reemployed by the respondent on April 13, 1947 with proper seniority rights, less what he has otherwise earned in the interim.

The parties will prepare an order in conformity with this memorandum and submit it to the court for approval within 10 days.